The Honorable Tommy G. Roebuck State Representative P.O. Box 988 Arkadelphia, AR 71923-0988
Dear Representative Roebuck:
I am writing in response to your request for my opinion on three questions relating to a dispute between Saline County and a plumbing contractor regarding the contractor's performance in making certain low and moderate income water connections on a project undertaken in coordination with the Arkansas Economic Development Commission ("AEDC"). On behalf of the contractor, you have supplied me various documents relating to this dispute, including correspondence from the Saline County Attorney to the contractor's surety regarding the parties' respective contractual obligations. Among these issues is the AEDC's alleged deviation from the state plumbing code in matters relating to billing for inspections of the contractor's work. The county attorney concluded his correspondence by representing that if matters were not satisfactorily concluded, the county would "arrange to have the work completed and then bring suit upon the bond." The county attorney has informed me that the county has indeed completed the work without further participation by the contractor, who reports that litigation is imminent.
Against this factual background, you have posed the following questions:
 1. What does the State require of AEDC projects? For instance, is it legal for a state agency or private citizen to be given special consideration, if requested, if such consideration is contrary to enacted law?
 2. Is it legal for inspection fees to be paid directly to a full-time employee of either Saline County or Paron Water Works in this situation?
 3. Is it legal for the local water board to approve full-time employees of these same entities to directly collect inspection fees?
RESPONSE
I must respectfully decline to answer your questions. It has long been the policy of this office to avoid rendering opinions on matters that are the subject of current or impending litigation. See Ops. Att'y Gen. Nos.2003-233 and 2002-031 ("[I]n order to avoid encroaching upon exclusively judicial prerogatives, it has long been the policy of this executive-branch office to avoid rendering opinions on matters that are either pending or appear inevitably bound to be submitted to the courts for resolution."); and Op. Att'y Gen. 96-138 (declining to issue an opinion where litigation was imminent on the question presented, where school districts had already obtained counsel in the matter, and where Attorney General's office was charged with the duty of defending a state agency). In the present case, this policy precludes me from opining on issues that the Saline County Attorney has indicated may soon be addressed by a court.
I am further disinclined to respond because the only impetus giving rise to your questions appears to be the contractor's desire to be advised of his legal rights vis-à-vis the other parties having an interest in this dispute. While I am required to advise members of the General Assembly regarding the constitutionality of proposed legislation, see A.C.A. §25-16-706 (Repl. 2002), I am expressly prohibited from engaging in the private practice of law, A.C.A. § 25-16-701 (Repl. 2002). Under the circumstances, I believe your constituent should address to private counsel any questions of the sort you have posed on his behalf.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh